THE WEST END BOTTLING COMPANY *vs.* FRANK VIRAG.

Third Judicial District, New Haven, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

If the issues raised upon the pleadings are properly determined by the trial court in favor of the plaintiff, and the defenses offered by the defendant are neither supported by the facts found nor made the subject of any requested corrections of the finding which, if granted, would support them, the judgment must stand.

Argued January 17th—decided May 4th, 1928.

ACTION to recover the purchase price of a quantity of carbonated beverages, alleged to have been sold by the plaintiff to the defendant, brought to the Court of Common Pleas for Fairfield County and tried to the court, *Shaw, J.;* judgment for the plaintiff, and appeal by the defendant. *No error.*

*Joseph J. Devine,* with whom was *William Dorkin,* for the appellant (defendant).

*David Goldstein,* with whom, on the brief, was *Louis A. Kornblut,* for the appellee (plaintiff).

PER CURIAM.   From about June, 1913, down to June, 1922, Julius Fleischer was engaged in business in Bridgeport.   In June, 1922, a corporation was organized and adopted the name, The West End Bottling Company, which took over the business of Fleischer, which had been conducted under the name, West End Bottling Company, Julius Fleischer, Proprietor.   From the organization of the corporation until the trial of this action Fleischer was a stockholder, director, president and treasurer, as well as general manager of the business, of the corporation.

The defendant received the goods set forth in plaintiff's bill of particulars between July 24th, 1924, and November 22d, 1926, and the agreed price of the goods so delivered was $578.58, which with interest thereon of $20.17 has never been paid.

The defendant pleaded a general denial; he admitted at the beginning of the trial that the merchandise referred to in the bill of particulars had been delivered to him, but claimed that the delivery had been made by Fleischer and not by the corporation.   The trial court found that the delivery had been made by the corporation.   The defendant pleaded (1) payment, and (2) that the items set forth in the bill of particulars were purchased from Julius Fleischer and applied as part payment on a debt of Fleischer with the defendant arising out of Fleischer's indorsement of a note owned by defendant and protested for nonpayment. On the trial the defendant testified that Fleischer agreed with him that he could apply the bill of goods

delivered to him by Fleischer against the amount due under the note. This Fleischer denied, and further testified that he was without authority from the corporation to make such application.

The court has made no finding upon these points. The defendant has made no request to correct the finding in these particulars, so that there are no facts found which support the defenses, nor would any of the requested corrections of the finding support these defenses. The case was apparently tried upon some theory of estoppel. In the condition of the record, we cannot consider whether the facts found, if corrected, would enable the defendant to prevail. The trial court has disposed of the case upon the issues made upon the pleadings and upon the issues so raised we find no error.

There is no error.

MALTBIE, J., concurs in the result, but not in the opinion.